# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| STEPHEN KEITH POWELL, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CV412-004 |
| | ) | |
| INVESTIGATOR JEREMY SCOTT, | ) | |
| EFFINGHAM COUNTY SHERIFF'S | ) | |
| DEPARTMENT, POLICE CHIEF | ) | |
| MIKE BOHHANON, CITY OF | ) | |
| RINCOLN, INVESTIGATOR | ) | |
| DAVID EHSANIPOOR, and | ) | |
| INVESTIGATOR MASON | ) | |
| GALLOWAY, | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER

Over the course of the proceedings in this 42 U.S.C. § 1983 civil rights case, plaintiff Stephen Keith Powell has filed three motions to compel defendants to respond to certain discovery requests.  (Docs. 17, 33, & 38.)  On May 2, 2012, the Court denied his first motion since he had failed to accompany it with "a certification that he 'has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.'  Fed. R. Civ. P. 26(c)."  (Doc. 20 at 2.)  As the Court explained in that order:

Discovery is intended to be a self-executing, extrajudicial exercise that requires court intervention only infrequently. This overarching policy of the federal discovery rules rests upon the assumption that litigants, and the attorneys who represent them, are reasonable, cooperative people who understand that the scope of discovery is broad, *see* Fed. R. Civ. P. 26(b), and that a party who is derelict in his duty to provide discovery faces swift and certain sanctions. *See* Fed. R. Civ. P. 26(g), 37(a)(5). Plaintiff, therefore, must attempt to resolve his discovery dispute with the defendants, and certify that he has done so, before he seeks to involve the Court in that dispute.

(Doc. 20 at 2-3.) Despite this clear mandate, which is reiterated in both Fed. R. Civ. P. 37(a)(1) and S.D. Ga. LR 26.5, Powell insists in his latest motions to compel that he should be excused from making a certification simply because defendants objected to his discovery requests. (Doc. 33 at 5; doc. 38 at 4.) Reaching such a result would entirely undermine the purpose of the rule. Hence, Powell's motions to compel (docs. 33 & 38) are **DENIED**.

Next, Powell moves for defendant Jimmy McDuffie to produce the address of defendant Mason Galloway.[1] (Doc. 39.) The Court has already ordered the Marshal to perfect service upon Mr. Galloway (doc.

---

[1] Galloway was initially listed as a John Doe defendant, but in the course of discovery Powell learned his identity. (*See* doc. 34.) He was added to the case in place of "John Doe" on September 24, 2012. (*Id.*)

34), but it also instructed that the Marshal first contact defense counsel to inquire whether they would accept service. (*Id.* at 2, n.2.) Defense counsel represented that Galloway had left the Effingham County Sheriff's Department and that they were not presently engaged to represent him. (Doc. 36 at 2.) They also explained that they had no contact with him and could not accept service on his behalf. (*Id.*) Shortly thereafter, however, Galloway returned to Effingham "for a job-related purpose, and Sheriff McDuffie was able to get" his address. (Doc. 41.) Defense counsel have provided it in response to Powell's motion. (*Id.*) Powell's motion is thus **DENIED** because defendant McDuffie's response has mooted it.   The Clerk, meanwhile, is **DIRECTED** to forward a copy of this Order to the Marshal so that he may complete service upon Mason Galloway at 4623 N.E. 15 Terrace, Gainesville, FL 36509.   *See* Fed. R. Civ. P. 4(c)(3) (tasking the Marshal with service of process in *in forma pauperis* cases).

      **SO ORDERED** this <u>3rd</u> day of December, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA